**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2472

_____

UNITED STATES OF AMERICA

v.

LUIS LARIOS-RODRIGUEZ,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-12-cr-00088-001)
District Judge: Honorable Joseph H. Rodriguez

_____

Submitted Under Third Circuit LAR 34.1(a)
January 15, 2013

Before: SMITH, CHAGARES and BARRY, Circuit Judges.

(Filed: January 31, 2013)

_____

OPINION

_____

CHAGARES, Circuit Judge.

Luis Larios-Rodriguez pled guilty to illegal re-entry into the United States in

violation of 8 U.S.C. § 1326 and was sentenced to seventy-one months of incarceration.

He now comes before this Court to argue that his sentence is procedurally and substantively unreasonable. For the reasons discussed below, we will affirm Larios-Rodriguez's sentence.

I.

We write primarily for the parties' benefit and therefore recite only the facts essential to our disposition. In 2008, police in Paterson, New Jersey arrested Larios-Rodriguez following an alcohol-induced brawl and charged him with aggravated assault and criminal mischief. He pled guilty and served a three-year sentence in state prison, after which he was released into the custody of the Bureau of Immigration and Customs Enforcement pending deportation. A little over a year later, federal officials filed a criminal complaint against Larios-Rodriguez charging him with illegal re-entry. He had previously been convicted of, among other crimes, driving while intoxicated, disorderly conduct, criminal trespass, and aggravated assault of a police officer, and had been deported three times.

Larios-Rodriguez and the Government entered into a plea agreement under which he pled guilty to a single count of illegal reentry. The Pre-Sentence Report applied the Guidelines' automatic 16-level enhancement for a defendant convicted of illegal re-entry who has been previously deported following conviction for a crime of violence, raising Larios-Rodriguez's offense level from 8 to 24. This, along with a 3-level reduction for acceptance of responsibility, resulted in an offense level of 21. Larios-Rodriguez's criminal history category was IV due to his history of alcohol- and violence-related

2

convictions. His advisory Guidelines range was thus 57 to 71 months, and the District Court sentenced him to 71 months.

II.

The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 3231 and we have jurisdiction over this appeal under 28 U.S.C. § 3742(a).

Appellate review of a sentence involves an inquiry into both procedural and substantive reasonableness. United States v. Wise, 515 F.3d 207, 217 (3d Cir. 2008). With respect to procedural reasonableness, following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the Court of Appeals for the Third Circuit has instructed district courts to follow a three-step process in sentencing. United States v. Merced, 603 F.3d 203, 215 (3d Cir. 2010). That process requires sentencing courts to calculate a defendant's advisory Guidelines range, then rule on any departure motions, and finally exercise discretion through meaningful consideration of the relevant § 3553(a) factors. Id. If we find no procedural error, we will affirm a sentence unless it is substantively unreasonable such that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). We apply an abuse of discretion standard to both the substantive and procedural reasonableness inquiries. United States v. Negroni, 638 F.3d 434, 443 (3d Cir. 2011).

Larios-Rodriguez contends that the District Court committed procedural error by improperly treating the advisory Guidelines as presumptively reasonable and by ignoring several arguments he advanced relating to the § 3553(a) factors in support of a reduced

3

sentence. Specifically, he argues that the District Court did not give adequate attention to his claim that he was entitled to a downward variance because of the unsound policy behind the illegal re-entry Guidelines, U.S.S.G. §2L1.2(b)(1)(A), the mitigating circumstances related to his previous offenses, and the opportunity to serve concurrent sentences that he lost when federal officials waited until he was released from New Jersey state prison to charge him in federal court.

While the sentencing court must give both sides the opportunity to argue for the sentence they believe would be appropriate and must address any non-frivolous arguments made, it need not make explicit findings regarding each of the § 3553(a) factors so long as "'the record makes clear that the court took the factors into account in sentencing.'" Merced, 603 F.3d at 215 (quoting United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006)). The transcript from the sentencing hearing makes clear that the District Court did hear and consider all of Larios-Rodriguez's arguments in support of a downward variance, including his belief that mitigating circumstances related to his earlier violent offense and that his inability to serve his state and federal sentences concurrently merited a downward variance under the § 3553(a) analysis. The District Court acknowledged the advisory nature of the Guidelines, but observed that Larios-Rodriguez's repeated offenses and the increasingly serious nature of his crimes suggested that effective deterrence and respect for the law counseled against leniency. It also, contrary to Larios-Rodriguez's assertions, directly responded to his suggestion that it should decline to follow the re-entry Guidelines and found that the 16-level enhancement was appropriate under the facts of this case. Appendix 82-83. Because the record shows

4

that the District Court properly took the § 3553(a) factors into consideration when sentencing Larios-Rodriguez, we cannot agree with him that the District Court committed any procedural error in sentencing.

Turning to the substantive inquiry, we, like the District Court, note Larios-Rodriguez's repeated illegal re-entries into this country and the increasing seriousness of his other criminal convictions.  In light of these circumstances, we cannot say that it was unreasonable for the District Court to impose a sentence of 71 months.  Thus, we do not find that the District Court's within-Guidelines sentence is substantively unreasonable.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.